PHILLIP A. TALBERT
United States Attorney
MICHELLE RODRIGUEZ
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAIS MOHAMMAD,<br><br>　　　　　　　　Petitioner,<br><br>　　v.<br><br>WARDEN, FCI-HERLONG,<br><br>　　　　　　　　Respondent. | CASE NO. 2:21-CV-02162-TLN-CKD (HC)<br><br>MOTION TO DISMISS 28 U.S.C. § 2241 PETITION; AND RESPONSE |

On November 22, 2021, Petitioner filed for relief under 28 U.S.C. § 2241. ECF 1. Petitioner demands this Court issue an Order directing BOP to award him earned First Step Act (FSA) Time Credits (FTCs) to advance BOP consideration for possible (*i.e.*, subject to criteria qualification) *discretionary prerelease custody transfer* (e.g., sentence end-phase programming custody). *Id.*

Petitioner's § 2241 demand is without merit. This Court should dismiss the petition for lack of statutory authority under § 2241 to compel BOP discretionary (sentence end-phase programming) action via declaratory and advisory opinions. Further, the petition must be dismissed for failure to exhaust available administrative remedies. *See* BOP Program Statement 1330.16, Administrative Remedy Program. Petitioner's failure to exhaust is crucial because there is no final order or record from BOP to review. If Petitioner had completed the administrative review process (*e.g.*, disputing a BOP FTC determination), then this Court may review an FTC determination record as opposed to Petitioner's statements of conjecture. *See e.g.,* ECF 1 p 1, 7. Moreover, FTCs determined only operate to make an

inmate eligible at an earlier date for discretionary BOP transfer outside formal *prison custody* to less formal *prerelease custody* (*i.e.,* to sentence end-phase programming custody (*e.g.*, home confinement, RDAP, or RRC)).  In other words, FTCs determined are merely a triggering offset (providing number of day advancement) for *consideration* for *prerelease custody* — discretionary sentence end-phase programming — and FTCs determined do not mandate sentence end-phase programming custody transfer from formal prison custody.  *Esqueda-Cortez v. Thompson,* Slip Op., 2022 WL 1017919, at *3 (E.D. Cal. April 5, 2022) (granting motion to dismiss § 2241 petition for lack of ripeness and for failure to exhaust administrative remedies because resolution "does not involve solely a dispute of statutory construction" and Petitioner's "factual assertions as to his claimed participation in activities for which he earned time credits and the amount of earned time credits he thereby accrued" bar excusing compliance with the exhaustion requirement) (*citing Chua Han Mow v. United States,* 730 F.2d 1308, 1313 (9th Cir. 1984) (affirming district court's refusal – due to lack of administrative exhaustion – to consider habeas petition based on failure to accord credit for time served when there were factual disputes about the prior time served and the failure to exhaust rendered the record inadequate for judicial review)). *See also Reeb v. Thomas,* 636 F.3d 1224 (9th Cir. 2011) (BOP has exclusive discretion to place inmate in sentence end-phase (transition) program).  Despite lack of jurisdiction to compel BOP discretionary action and administrative review failure, Petitioner — contrary to law — claims that *this Court* must manage BOP discretionary authority, per federal prisoner (and particularly for Petitioner).  *See id.*

## I. BACKGROUND

On July 22, 2020, Petitioner was charged in a three-count Information in the Central District of California (CDCA) with operating an unlicensed money transmitting business, in violation of 18 U.S.C. §§ 1960(a), (b)(1)(C) (count one), money laundering, in violation of 18 U.S.C. § 1956(a)(3)(B) (count two), and failure to maintain an effective anti-money laundering program, in violation of 31 U.S.C. §§ 5318(h) and 5322(a) (count three). CDCA 20-CR-00088, ECF 1 (docket filed herewith as Appendix pp 30-37).  On September 29, 2020, pursuant to a written plea agreement, Petitioner pleaded guilty as charged in the Information.  *Id.*, ECF 9, 27.  On May 28, 2021, Petitioner was sentenced to serve a 24-month term of incarceration. *Id.*, ECF 52.   Petitioner commenced service of his sentence (commitment) on September 7, 2021.  *See* Appendix p 29.  According to the BOP, Petitioner's projected release date,

1  *including adjustment for FSA FTC credits (40 days),* is April 10, 2023 (assuming good conduct time
2  (which may be lost for, among other reasons, misconduct)).  See Appendix pp 11, 29.
3  　　　　Petitioner is presently serving his 24-month sentence at FCI-Herlong.  *See* Appendix p 2.  Under
4  FSA, Petitioner has met criteria for FTC eligibility, Petitioner has obtained 40 days FTC determination,
5  and BOP has applied the determined FTC credits (40 days) towards discretionary pre-release custody.
6  Appendix pp 11, 29.  Via his November 22, 2021 petition, filed in advance of BOP FTC determination,
7  Petitioner claimed 180 days of FTC credit.  ECF 1 p 1, 7.

## II.    ARGUMENT

9  　　　　The instant petition must be dismissed for lack of statutory authority under § 2241 to compel
10  BOP discretionary (sentence end-phase programming) action via declaratory and advisory opinions.
11  Further, dismissal is mandatory because there is nothing for this Court to review, *i.e.,* Petitioner has
12  failed to exhaust administrative remedies.
13  　　　　Article III limits the federal courts to deciding "cases" and "controversies."  To ensure that any
14  matter presented to a federal court meets such requirement, this Court must consider the doctrines of
15  standing, ripeness, and mootness.  *See Ellis v. Tribune Television*, 443 F.3d 71, 80 (2d Cir.2006).
16  *Accord Allen v. Wright*, 468 U.S. 737, 750 (1984).  Here, this matter must be dismissed for lack of
17  ripeness because Petitioner's demand is premature and resolution requires a factual record via
18  administrative review. *Esqueda-Cortez*, 2022 WL 1017919, at *3-*4. This Court has found it lacks
19  jurisdiction to review BOP discretionary, individualized, decisions concerning FTC based calculations
20  (for advanced sentence end-phase release), *i.e.,* application (use) of FSA time credits, without a
21  complete factual record and FTC FSA administrative findings.  *Id.*  As a matter of law, 34 U.S.C. §
22  60541(g) grants to the Attorney General the discretion to release certain prisoners to serve the latter part
23  of a sentence on home confinement.  For implementation, the Attorney General's BOP must make
24  unique, agency specific, determinations.  Indeed, for any decision regarding FSA sentence end-phase
25  programing (e.g., home detention), the Attorney General, via BOP, must make *inter alia* determinations
26  regarding costs, savings, and further find that the offender, if eligible, does not pose a risk of engaging in
27  future criminal conduct or is otherwise a danger.  As the statute makes clear, the "Attorney General" is
28  granted discretion and "may release" some eligible offenders. The failure to receive relief that is purely

discretionary in nature does not amount to a deprivation of a liberty interest. *See id.* While the Attorney General, via BOP, has indicated Petitioner has a "home detention eligibility date" of January 28, 2023, it has exercised discretion with applied FSA credits to set Petitioner's projected release on April 10, 2023. *See* Appendix p 28.

Against this background, this Court must dismiss the underlying petition because Petitioner has not administratively appealed BOPs FSA credit determination nor his projected release date determination. *See Chua Han Mow,* 730 F.2d at 1313. *Ward v. Chavez,* 678 F.3d 1042, 1045 (9th Cir. 2012). Petitioner has failed to present BOP with his fill in the blank speculation about his FTCs and his proposed discretionary eligibility date for sentence-end-phase programming. This Court has no final ruling from BOP concerning Petitioner's demand for more FSA days credit (difference between BOP determination of 40 days and Petitioner's claim of 180 days) because Petitioner failed to exhaust BOP's administrative remedy procedure.[1] *See* Appendix pp 2-3, 22. Ward, 678 F.3d at 1045. *See Martinez v. Roberts,* 804 F.2d 570, 571 (9th Cir. 1986) (Federal prisoners are required to exhaust their federal administrative remedies prior to bringing a petition for writ of habeas corpus in federal court). *Hand v. Merlak,* 2020 WL 3240568, *4 ("Given that Petitioner did not provide the BOP an opportunity to consider his FTC claims through the administrative remedy system, the BOP has not denied Petitioner relief based on official BOP policy....").

### III.     CONCLUSION

For the foregoing reasons, it is respectfully requested that this Court dismiss the underlying § 2241 petition.

Dated:  May 26, 2022                                            PHILLIP A. TALBERT
                                                                United States Attorney

                                                                /s/ *MICHELLE  RODRIGUEZ*
                                                                 MICHELLE RODRIGUEZ
                                                                 Assistant United States Attorney

---

[1] As this Court found in *Esqueda-Cortez*, "[r]equiring a petitioner to exhaust administrative remedies (1) aids judicial review "by allowing the appropriate development of a factual record in an expert forum," (2) conserves "the court's time because of the possibility that the relief applied for may be granted at the administrative level," and (3) allows "the administrative agency an opportunity to correct errors occurring in the course of administrative proceedings." Esqueda-Cortez, 2022 WL 1017919, at *3 (citing *Ruviwat v. Smith,* 701 F.2d 844, 845 (9th Cir. 1983), *and citing, Quinonez v. McGrew*, 649 F. App'x 475 (9th Cir. 2016) (affirming district court's dismissal of § 2241 petition where the petitioner "did not complete any level of the BOP's Administrative Remedy Program and there is no indication that his pursuit of those remedies would be futile").

MOTION TO DISMISS AND RESPONSE                    4

PHILLIP A. TALBERT
United States Attorney
MICHELLE RODRIGUEZ
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA 95814
Telephone: (916) 554-2700
Facsimile:  (916) 554-2900

Attorneys for Respondent

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAIS MOHAMMAD,<br><br>                    Petitioner,<br><br>v.<br><br>WARDEN, FCI HERLONG,<br><br>                    Respondent. | CASE NO. 2:21-CV-02162-TLN-CKD (HC)<br><br>CERTIFICATE OF SERVICE BY CERTIFIED MAIL |

The undersigned hereby certifies that he/she is an employee in the Office of the United States Attorney for the Eastern District of California and is a person of such age and discretion to be competent to serve papers.

That on May 26, 2022 a copy of the RESPONDENT'S MOTION TO DISMISS and RESPONSE was served by placing said copy in a certified postpaid envelope addressed to the person(s) hereinafter named, at the place(s) and address(es) stated below, which is/are the last known address(es), and by depositing said envelope and contents in the United States Mail at Sacramento, California addressed to Kais Mohammad, #51761-509, FCI Herlong, P.O. Box 800, Herlong, CA 96113.

                                                    /s/ *C. Buxbaum*
                                                    C. BUXBAUM