
APPENDIX

PHILLIP A. TALBERT
United States Attorney
MICHELLE RODRIGUEZ
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, California 95814
Telephone: (916) 554-2773

Attorneys for Respondent

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| KAIS MOHAMMAD, | ) | No. 2:21-cv-2162-TLN-CKD |
| Petitioner, | ) | |
| v. | ) | DECLARATION OF |
| | ) | CHRIS LIWAG |
| PAUL THOMPSON, et al., | ) | |
| Respondent. | ) | |
| | ) | |

In accordance with 28 U.S.C. § 1746, I, Chris Liwag, make the following sworn declaration, under penalty of perjury.

1. I have been employed by the Bureau of Prisons (BOP) since January 1997. I am currently employed as the Senior Correctional Programs Specialist (SCPS) at the Western Regional Office in Stockton, California. I became the SCPS in January 2018 and was a CPS in October 2016. Prior to assuming this position, I served as the Discipline Hearing Officer (DHO) at the United States Penitentiary at Atwater, California (USP-Atwater) from July 2014. Prior to that date, I served as the alternate DHO for approximately six years and Case Management Coordinator/Case Manager at USP-Atwater for approximately eight years.

*Mohammad v. Thompson, et al,*
Case No. 2:21-cv-02162

Declaration of
Chris Liwag

Page 1 of 12

**001**

2. I am making this declaration in the case of *Mohammad v. Thompson, et al*, Case No. 2:21-cv-02162-TLN-CKD, wherein BOP counsel has informed me that inmate Kais Mohammad, Federal Register Number 51761-509, (Petitioner), has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, seeking the immediate award and application of First Step Act (FSA) time credits towards pre-release custody.

3. In the regular course of my duties, I utilize BOP's official records, including a database called SENTRY (which contains information by inmate as to court, judgment, sentence data, and also inmate personal information, among other identifying information). Based on my training and experience and my review of prison records, including SENTRY, I am aware Petitioner is currently serving a 24-month term of imprisonment imposed by the United States District Court for the Central District of California. On May 28, 2021, Petitioner was sentenced in Criminal Action Number 20-cr-00088-JLS-1 for violation of 18 U.S.C. §§ 1960(a), (b)(1)(C), Operating an Unlicensed Money Transmitting Business; 18 U.S.C. § 1956(a)(3)(B), Laundering of Monetary Instruments; 31 U.S.C. §§ 5318(h) and 5322(a), Failure to Maintain an Effective Anti-Money Laundering Program. *See* Attachment 1, which is a true and correct copy of Petitioner's Amended Judgment and Commitment Order. According to the BOP's inmate locator, publicly available at http://www.bop.gov/inmateloc/ (last visited Mar. 28, 2022), Petitioner is presently confined at Federal Correctional Institution at Herlong, California (FCI Herlong).

4. The BOP has a three-level Administrative Remedy Program, whereby inmates can formally file a complaint about any aspect of their incarceration. *See* 28 C.F.R. § 542.10, *et seq*. The program requires that the inmate first attempt Informal Resolution (BP-8). The inmate may then present his request for Administrative Remedy to the Warden (BP-9). If dissatisfied with the Warden's

*Mohammad v. Thompson, et al*,
Case No. 2:21-cv-02162

Declaration of
Chris Liwag

Page 2 of 12

**002**

response, the inmate may appeal the Warden's decision to the Regional Director (BP-10). If dissatisfied with that response, the inmate may, finally, appeal to the General Counsel in the Central Office of the BOP (BP-11). An inmate has not exhausted the Administrative Remedy process until he or she has filed his or her complaint at all three levels and has received a response from all three levels, not including the situation where a remedy is "rejected." 28 C.F.R. § 542.10, *et seq*. Attached hereto as Attachment 2 is a true and correct copy of Petitioner's Administrative Remedy Generalized Retrieval report from SENTRY generated March 28, 2022. Specifically, no remedy data exists for Petitioner as he has not submitted any Administrative Remedy Request seeking First Step Act Time Credits (FTCs). *Id*. Thus Petitioner has not exhausted his administrative remedies with regard to the issue he raises in his Petition.

## THE FIRST STEP ACT OF 2018

5. The First Step Act of 2018 (FSA) provides eligible inmates the opportunity to earn 10 or 15 days of time credits for every 30 days of successful participation in Evidence Based Recidivism Reduction Programs (EBRR programs) and Productive Activities (PAs). 18 U.S.C. § 3632(d)(4)(A). The earned credits, known as First Step Act Time Credits (FTCs), can be applied toward earlier placement in pre-release custody,[1] or toward a term of supervised release. 18 U.S.C. § 3632(d)(4)(C). FTCs may not be earned for any EBRR that an inmate completed prior to the subchapter's enactment date or during official detention prior to the date the inmate's sentence commenced pursuant to 18 U.S.C. § 3585. 18 U.S.C. § 3632(d)(4)(B). An inmate is ineligible to earn FTCs if they are serving a sentence for certain offenses. 18 U.S.C. § 3632(d)(4)(D). An inmate

---

[1] Pre-release custody occurs when an inmate serves his/her BOP custody term that may, at the discretion of BOP, be served in either Home Detention or a Residential Reentry Center.

*Mohammad v. Thompson, et al*,
Case No. 2:21-cv-02162

Declaration of
Chris Liwag

who is subject to a final order of removal under immigration laws as defined in 8 U.S.C. §

1101(a)(17) may not have FTCs applied toward prerelease custody or early transfer to supervised

release under 18 U.S.C. 3624(g). 18 U.S.C. § 3632(d)(4)(E); 18 U.S.C. § 3632(d)(4)(A).

6.   A key substantive component of the FSA imposed targeted deadlines for phasing in specific

aspects of the FSA,[2] with the completion of the phase-in process established as January 15, 2022.

### HISTORY OF THE FIRST STEP ACT TIME CREDITS RULE

7.   On November 25, 2020, BOP issued a Notice of Proposed Rulemaking (NPRM) seeking to

clarify and implement the provisions of the FSA (85 Fed. Reg. 75268).  The public comment period

ended on January 25, 2021.

8.   The NPRM and the public comments received by BOP addressed certain terms and provisions

of the FSA, including:

A. How to define a "day" of successful participation for purposes of 18 U.S.C. §

3632(d)(4)(A).

B. Whether the statute's FTC provisions should be interpreted to allow the earning of FTCs

for participation in EBRR programs and PAs beginning on the date of enactment

(December 21, 2018) or beginning only after the risk and needs assessment and relevant

programming were established (January 15, 2020).

---

[2] Not later than 210 days after the enactment of the FSA, or by July 19, 2019, the Attorney General shall develop and
release a risk and needs assessment system, referred to as "the System."  18 U.S.C. § 3632(a).  Not later than 180 days
after the System is developed and released (the Prisoner Assessment Tool Targeting Estimated Risk and Needs
"PATTERN" released July 19, 2019), or by January 15, 2020, the BOP shall conduct an initial assessment for each
prisoner, begin to expand the EBRRs and PAs offered, and implement other tools necessary to implement the System
over time.  *Id.* at § 3621(h)(1).  Congress allowed an additional 2 years, or until January 15, 2022, to complete the
phase-in of the System, at which time the BOP will fully implement EBRR program incentives and PA rewards, to
include the application of FSA Time Credits.  *See id.* at §§ 3621(h)(2) and 3632(d).

*Mohammad v. Thompson, et al*,                                                    Declaration of
Case No. 2:21-cv-02162                                                            Chris Liwag

C. Whether FTCs should be awarded on an ongoing basis during participation in EBRR programming and PAs, instead of just after successful completion.

D. Whether BOP would apply FTCs to early transfer to supervised release, instead of only to pre-release custody.

E. Whether inmates would be able to earn FTCs while at RRCs or on home confinement.

F. Whether the statute applies to District of Columbia Code offenders.

*See generally* 87 Fed. Reg. 2705, 2706–2716.

9. Additionally, on October 18, 2021, BOP reopened the comment period of the proposed rulemaking until November 17, 2021, in order to solicit public comment on the limited issue of whether District of Columbia Code offenders in BOP custody are eligible for FTCs under 18 U.S.C. § 3632(d)(4). 86 Fed. Reg. 57612.

### **FINAL RULE**

10. On January 13, 2022, DOJ announced that BOP had finalized the FTC rule and transmitted it to the Federal Register for publication. The full text of the final rule was published on January 19, 2022, and can be found here: https://www.federalregister.gov/documents/2022/01/19/2022-00918/fsa-time-credits. The regulation, 87 Fed. Reg. 2,705, will be codified at 28 C.F.R. § 523.40 *et. seq.* (Subpart E—First Step Act Time Credits).[3] This final rule codifies BOP's procedures regarding implementation of the specific FSA provisions, including those related to the earning and application

---

[3] Related provisions addressing forfeiture of FTCs in the inmate discipline process appear at 28 C.F.R. § 541.3 ("Prohibited acts and available sanctions.") and at 28 C.F.R. § 541.7 ("Unit Discipline committed (UDC) review of the incident report.").

*Mohammad v. Thompson, et al*,
Case No. 2:21-cv-02162

Declaration of
Chris Liwag

Page 5 of 12

**005**

of FTCs. To align with Congress' intent, the Bureau developed and adopted a model to achieve the maximum award of FTCs to the maximum number of inmates. 87 Fed. Reg. at 2,711.

11. The final rule outlines how, under the FSA, eligible inmates may earn time credits towards prerelease custody or early transfer to supervised release under 18 U.S.C. § 3624(g) for successful participation in EBRR programs or PAs recommended by staff based on the inmate's risk and needs assessment. *See* 28 C.F.R. § 523.40(b). Eligible inmates begin earning FTCs after the inmate's term of incarceration commences under 18 U.S.C. § 3585(a) and are able to earn retroactive application of time credits for programming or activities in which he or she participated in from December 21, 2018, the date of enactment of the First Step Act of 2018. 28 C.F.R. § 523.42(b)(2). For every 30-day period that an eligible inmate has successfully participated in EBRR Programs or PAs recommended based on the inmate's risk and needs assessment, that inmate will earn 10 days of FSA Time Credits. 28 C.F.R. § 543.42(c)(1). Inmates will earn 15 credits for every 30 days that they successfully participate in programming if those inmates rated at a minimum or low risk for recidivating and maintained a consistent minimum or low risk of recidivism over the most two recent consecutive risk and needs assessments conducted by BOP. 28 C.F.R. § 543.42(c)(2).

12. Additionally, FTCs will be awarded retroactively to the date of enactment of the FSA, December 21, 2018. 87 Fed. Reg. at 2,707. This retroactivity means that, on January 11, 2022, BOP staff immediately began the process of either advancing the RRC or home confinement date or preparing the RRC or home confinement referrals for certain eligible prisoners.

13. Any inmate sentenced to a term of imprisonment pursuant to a conviction for a federal criminal offense, or any person in BOP custody, is eligible to earn FTCs, subject to two exceptions. First, if an inmate is serving a term of imprisonment for an offense specified in 18 U.S.C. §

*Mohammad v. Thompson, et al*,
Case No. 2:21-cv-02162

Declaration of
Chris Liwag

Page 6 of 12

**006**

3632(d)(4)(D), the inmate is not eligible to earn FTCs. 28 C.F.R. § 523.41(d)(2).  Second, if an inmate is subject to a final order of removal under immigration laws as defined in 8 U.S.C. § 1101(a)(17), the inmate may not have FTCs applied toward prerelease custody or early transfer to supervised release under 18 U.S.C. 3624(g).  28 C.F.R. § 523.44(a)(2).

14. Inmates who are ineligible to earn FTCs or have them applied may still earn other benefits for successfully participating in the many other types of programming offered by BOP.  87 Fed. Reg. at 2,714.  Specifically, these inmates may still receive incentives such as increased privileges (*e.g.*, commissary, visiting, and telephone) for participation in EBRR programs.  *Id.*

15. At present, District of Columbia Code offenders in BOP custody are ineligible to earn FTCs. *See* 87 Fed. Reg. at 2,714–16 (providing response to public comment).  In light of BOP's statutory interpretation and policy considerations, and in light of the current deliberations of the District of Columbia Council, BOP has deferred "definitively resolving the FSA's ambiguities with respect to DC Code offenders in its custody." *Id.* at 2,716.  BOP amended the final rule "to reflect the possibility that the DC Council will enact legislation regarding the eligibility of such offenders to apply FSA Time Credits." *Id.*

16. Any inmate with questions about FTCs should first speak with appropriate institution staff to try and obtain an answer or resolution.  As noted above, an inmate can always address any aspect of his or her confinement—including the application of FTCs—through BOP's Administrative Remedy Program.  *See generally* 28 C.F.R. § 542.10 *et seq.*; BOP Program Statement 1330.18, *Administrative Remedy Program* (Jan. 6, 2014).

## THE BOP's IMPLEMENTATION OF FINAL RULE

*Mohammad v. Thompson, et al*,
Case No. 2:21-cv-02162

Declaration of
Chris Liwag

Page 7 of 12

**007**

17. BOP has already begun implementing the final rule and will continue to do so on a rolling basis. BOP has commenced applying FTCs, and it is anticipated that in the months to come, thousands of inmates will be eligible for release. To ensure timely implementation, BOP established interim procedures that took effect on January 12, 2022, such as prioritizing inmates within 24 months of release and those in the community eligible for immediate release. To facilitate expeditious processing of releases, prioritization categories, differentiated based on immediate or pending releases or community pre-release placement referrals, have been developed to assist institution unit management staff.[4] These procedures will remain in effect during this initial period and will continue pending software updates to BOP's real-time information system (known as SENTRY) and full integration between SENTRY and BOP's case management system (known as INSIGHT).

18. Eligible inmates with all PATTERN risk scores may earn FTCs, but only those inmates with Low and Minimum PATTERN scores are able to have the FTCs applied. *See* 28 C.F.R. § 523.42 (outlining the earning of First Step Act Time Credits; *see also* 28 C.F.R. § 523.44 (limiting application of FTCs to eligible inmates who have, in addition to satisfying other criteria, "a demonstrated recidivism risk reduction or maintained a minimum or low recidivism risk, during the term of imprisonment"). Inmates ineligible to earn FTCs include federal inmates in state custody, state boarders in BOP custody, inmates sentenced by the District of Columbia Superior Court, inmates sentenced pursuant to the Uniform Code of Military Justice, treaty transfer inmates, inmates subject to a final order of removal under immigrations laws under 8 U.S.C. § 1101(a)(17), and "old

---

[4] Unit team members are responsible for the various tasks associated with preparing RRC/home confinement referrals, RRC/home confinement transfer paperwork, and release paperwork. Unit team members also coordinate transportation for the offender from the facility to his/her home or halfway house location.

*Mohammad v. Thompson, et al*,
Case No. 2:21-cv-02162

Declaration of
Chris Liwag

Page 8 of 12

**008**

law" inmates. *See* 28 C.F.R. § 523.41(d)(1) (limiting scope of FTC provision to "[a]ny inmate sentenced to a term of imprisonment pursuant to a conviction for a Federal criminal offense, or any person in the custody of the Bureau . . . ."); 28 C.F.R. § 523.44(a)(3) (limiting application of FTCs to only those inmates "[s]erving a term of imprisonment pursuant to a conviction for an offense under laws other than the U.S. Code," with the possible future exception of District of Columbia Code offenders). Additionally, any inmate with a conviction for an offense listed in 18 U.S.C. § 3632(d)(4)(D) is statutorily ineligible to earn FTCs. 28 C.F.R. § 523.41(d)(2); 87 Fed. Reg. at 2,713.

19. Title 28 C.F.R. § 523.41(c) clarifies that inmates must be "successfully participating" in EBRR programs or PAs in order to earn FTCs. 87 Fed. Reg. at 2711. Specifically, FTCs may be suspended in certain situations when the inmate is unable or unwilling to participate in recommended programming, including, but not limited to, situations such as:

a. Placement in a Special Housing Unit;

b. Designation status outside the institution (*e.g.*, for extended medical placement in a hospital or outside institution, court appearances, an escorted trip, a furlough, etc.);

c. Temporary transfer to the custody of another federal or non-federal government agency (*e.g.*, on state or federal writ, transfer to state custody for service of sentence, etc.);

d. Placement in mental health facility/psychiatric holds; or

e. "Opting out" (*i.e.*, choosing not to participate in the EBRR programs or PAs that BOP has recommended based on the inmate's individualized risk and needs assessment). Inmates who decline to participate in a recommended voluntary EBRR or PA (*i.e.*, inmates who ''opt out'') will not be considered to be refusing a program assignment for the purposes of

disciplinary prohibited act code violations, but will be excluded from benefits or privileges of FTC program participation.

*Id.*

20. When permitted, the consideration for the application of FTCs under 18 U.S.C. 3624(g) applies to those eligible inmates who have earned FTCs in an amount that is equal to the remainder of the inmate's imposed term of imprisonment, had the term of imprisonment computed under applicable law, and has been determined to have a recidivism risk level to be low or minimum through periodic risk assessments. *Id.* For those inmates with a supervised release term following their imprisonment, the Director of the BOP has exercised his discretion under 18 U.S.C. § 3624(g)(3) to apply all time credits up to 365 days toward an inmate's supervised release so long as all eligibility requirements imposed by the FSA have been met. *Id.* Any FTC earned beyond that amount may be applied toward community placement in pre-release custody under 18 U.S.C. § 3624(g)(2). With the ability to earn credits from December 21, 2018, this retroactive application means many inmates who are near to the end of their sentences who have a low or minimum risk rating will be transferred to supervised release or prelease custody immediately or in the days and weeks following the implementation deadline.

21. BOP is currently developing a Program Statement which will set forth the procedures for retroactive and proactive applications of FTCs. While the rules will take some time to implement fully, the Bureau has already begun to recalculate the imposed term of imprisonment in accordance with applicable law for those inmates who are approaching the end of their sentences and who have successfully participated and earned FTCs in such an amount that they may be eligible for immediate release. The Bureau has prioritized sentence computations based on those inmates projected to be

*Mohammad v. Thompson, et al*,
Case No. 2:21-cv-02162

Declaration of
Chris Liwag

Page 10 of 12

**010**

immediately released, those inmates projected to be released within 45 days after the application of time credits, and then for those inmates subject to immediate community placement referrals. For all remaining inmates, time credit processing will be in order based on their expected date of transfer to community placement. The calculation process will ultimately occur for all eligible incarcerated persons who have successfully participated in EBRRs and PAs.

## FIRST STEP ACT TIME CREDITS AS APPLIED TO PETITIONER

22. Since the enactment of the FSA, my duties include supporting BOP staff in assessing inmates for FTC eligibility as well as assisting in the formulation of policy and procedures necessary to carry out the implementation of the FSA. Based upon my review, I am aware Petitioner has a current PATTERN score of Low and has been determined eligible to earn FSA Time Credits. *See* Attachment 3, which is a true and correct copy of a SENTRY Inmate History First Step report for Petitioner generated March 28, 2022.

23. The BOP has applied FSA Time Credits for Petitioner in the amount of 40 days. *See* Attachment 4, which is a true and correct copy of a SENTRY Public Information Inmate Data sheet for Petitioner generated March 28, 2022. As a result of applied time credits, Petitioner is projected for First Step Act release on April 10, 2023. *Id.* As previously outlined, FSA FTC release dates may continue to change as additional factors, such as disciplinary factors and change in designation status outside the institution are considered and applied. With Petitioner's newly calculated projected release more than a year away, the BOP's application of FTCs has not immediately impacted Petitioner. Even if BOP were to determine Petitioner's requested amount of 180 FTC credits were applicable, Petitioner's projected release would still be approximately seven months away.

*Mohammad v. Thompson, et al*,
Case No. 2:21-cv-02162

Declaration of
Chris Liwag

Page 11 of 12

**011**

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Executed this 30th day of March 2022 at Stockton, CA.

_Chris Liwag_ /s/ _____
Chris Liwag
Senior Correctional Programs Specialist
Western Regional Office

*Mohammad v. Thompson, et al*,
Case No. 2:21-cv-02162

Declaration of
Chris Liwag

Page 12 of 12

**012**

*Mohammad* 21cv02162

Declaration

Attachment 1

**United States District Court**
**Central District of California**
==**\*\*AMENDED 5/28/2021 TO CORRECT CUSTODIAL TERM\*\***==

| | |
|---|---|
| **UNITED STATES OF AMERICA vs.** | **Docket No.**    SACR 20-00088-JLS-1 |
| **Defendant**    Kais Mohammad | **Social Security No.**  6    8    1    0 |
| akas:   Superman29; Herocoin | (Last 4 digits) |

**JUDGMENT AND PROBATION/COMMITMENT ORDER**

In the presence of the attorney for the government, the defendant appeared in person on this date.

| | MONTH | DAY | YEAR |
|---|---|---|---|
| | 05 | 28 | 2021 |

**COUNSEL**    Michael Goldstein (Rtd); Hagop Kuyumjian (Rtd)
(Name of Counsel)

**PLEA**    **X GUILTY,** and the court being satisfied that there is a factual basis for the plea.    ☐ **NOLO CONTENDERE**    ☐ **NOT GUILTY**

**FINDING**    There being a finding/verdict of **GUILTY**, defendant has been convicted as charged of the offense(s) of:
Operating an Unlicensed Money Transmitting Business in violation of 18 U.S.C. §§ 1960(a), (b)(1)(C) as charged in Count 1 of the Information; Laundering of Monetary Instruments in violation of 18 U.S.C. § 1956(a)(3)(B) as charged in Count 2 of the Information; and Failure to Maintain an Effective Anti-Money Laundering Program in violation of 31 U.S.C. §§ 5318(h), 5322(a) as charged in Count 3 of the Information.

**JUDGMENT AND PROB/ COMM ORDER**    The Court asked whether there was any reason why judgment should not be pronounced.  Because no sufficient cause to the contrary was shown, or appeared to the Court, the Court adjudged the defendant guilty as charged and convicted and ordered that: Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of **24 MONTHS:**

It is ordered that the defendant shall pay to the United States a special assessment of $300, which is due immediately. Any unpaid balance shall be due during the period of imprisonment, at the rate of not less than $25 per quarter, and pursuant to the Bureau of Prisons' Inmate Financial Responsibility Program.

Pursuant to Guideline Section 5E1.2(a), all fines are waived as the Court finds that the defendant has established that he is unable to pay and is not likely to become able to pay any fine.

The Court recommends that the Bureau of Prisons conduct a mental health evaluation of the defendant and provide all necessary treatment.

Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant, Kais Mohammad, is hereby committed on Counts 1, 2, and 3 of the Information to be imprisoned for a term of ==24 months==.  This term consists of ==24 months== on each of Counts 1, 2, and 3, to be served concurrently.

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of two (2) years. This term consists of two years on each of Counts 1, 2, and 3, all such terms to run concurrently under the following terms and conditions:

1.    The defendant shall comply with the rules and regulations of the United States Probation & Pretrial Services Office and Second Amended General Order 20-04.

**014**

USA vs.   Kais Mohammad                                    Docket No.:   SACR 21-00088-JLS-1

2.      During the period of community supervision, the defendant shall pay the special assessment in accordance with this judgment's orders pertaining to such payment.

3.      The defendant shall cooperate in the collection of a DNA sample from the defendant.

4.      As directed by the Probation Officer, the defendant shall provide to the Probation Officer: (1) a signed release authorizing credit report inquiries; (2) federal and state income tax returns and a signed release authorizing their disclosure; and (3) an accurate financial statement, with supporting documentation as to all assets, income, and expenses of the defendant.  In addition, the defendant must not apply for any loan or open any line of credit without prior approval of the Probation Officer.

5.      The defendant shall maintain one personal checking account. All of defendant's income, "monetary gains," or other pecuniary proceeds shall be deposited into this account, which shall be used for payment of all personal expenses. Records of all other bank accounts, including any business accounts, shall be disclosed to the Probation Officer upon request.

6.      The defendant shall provide the Probation Officer with access to any and all business records, client lists, and other records pertaining to the operation of any business owned, in whole or in part, by the defendant, as directed by the Probation Officer.

7.      The defendant shall participate in mental health treatment, which may include evaluation and counseling, until discharged from the treatment by the treatment provider, with the approval of the Probation Officer.

8.      As directed by the Probation Officer, the defendant shall pay all or part of the costs of the Court-ordered treatment to the aftercare contractors during the period of community supervision. The defendant shall provide payment and proof of payment as directed by the Probation Officer. If the defendant has no ability to pay, no payment shall be required.

9.      The defendant shall maintain, at most, one virtual currency wallet, and that one wallet shall be used for all personal transactions. The defendant shall not obtain or open any virtual currency wallets/accounts without prior approval of the Probation Officer. All virtual currency transactions, along with any virtual currency wallet Extended Public Keys (XPUB), shall be disclosed to the Probation Officer upon request. The defendant shall be limited to only using and possessing open public blockchain virtual currencies and restricted from using privacy-based blockchain virtual currencies, unless prior approval is obtained from the Probation Officer.

10.     The defendant shall comply with the Internal Revenue Service's reporting requirements as they pertain to virtual currencies and shall provide proof of having done so to the Probation Officer.

The Court authorizes the Probation Officer to disclose the Presentence Report, and any previous mental health evaluations or reports, to the treatment provider. The treatment provider may provide information (excluding the Presentence report), to State or local social service agencies (such as the State of California, Department of Social Service), for the purpose of the client's rehabilitation.

It is further ordered that the defendant surrender himself to the institution designated by the Bureau of Prisons on or before 12 noon, on Tuesday, September 7, 2021. In the absence of such designation, the defendant shall report on or

USA vs.   Kais Mohammad                                    Docket No.:   SACR 21-00088-JLS-1

before the same date and time to the United States Marshal located at the United States Court House, 411 West Fourth Street, Suite 4170, Santa Ana, California 92701-4516.

The drug testing condition mandated by statute is suspended based on the Court's determination that the defendant poses a low risk of future substance abuse.

The Court recommends that the defendant be housed in a Northern California facility to facilitate visitation with family, friends, and loved ones.  To the extent the Bureau of Prisons deems it appropriate, the Court further recommends Defendant be housed in a minimum security facility.

Bond is exonerated upon surrender.

The Court advised the defendant of his/her right to appeal.

In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release within this judgment be imposed.  The Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.

May 29, 2021
_____
Date

_____
U. S. District Judge Josephine L. Staton

It is ordered that the Clerk deliver a copy of this Judgment and Probation/Commitment Order to the U.S. Marshal or other qualified officer.

Clerk, U.S. District Court

May 28, 2021
_____
Filed Date

By   K.Dubon
_____
Deputy Clerk

USA vs.  Kais Mohammad                          Docket No.:  SACR 21-00088-JLS-1

The defendant must comply with the standard conditions that have been adopted by this court (set forth below).

## STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE

While the defendant is on probation or supervised release pursuant to this judgment:

1. The defendant must not commit another federal, state, or local crime;
2. The defendant must report to the probation office in the federal judicial district of residence within 72 hours of imposition of a sentence of probation or release from imprisonment, unless otherwise directed by the probation officer;
3. The defendant must report to the probation office as instructed by the court or probation officer;
4. The defendant must not knowingly leave the judicial district without first receiving the permission of the court or probation officer;
5. The defendant must answer truthfully the inquiries of the probation officer, unless legitimately asserting his or her Fifth Amendment right against self-incrimination as to new criminal conduct;
6. The defendant must reside at a location approved by the probation officer and must notify the probation officer at least 10 days before any anticipated change or within 72 hours of an unanticipated change in residence or persons living in defendant's residence;
7. The defendant must permit the probation officer to contact him or her at any time at home or elsewhere and must permit confiscation of any contraband prohibited by law or the terms of supervision and observed in plain view by the probation officer;
8. The defendant must work at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons and must notify the probation officer at least ten days before any change in employment or within 72 hours of an unanticipated change;

9. The defendant must not knowingly associate with any persons engaged in criminal activity and must not knowingly associate with any person convicted of a felony unless granted permission to do so by the probation officer. This condition will not apply to intimate family members, unless the court has completed an individualized review and has determined that the restriction is necessary for protection of the community or rehabilitation;
10. The defendant must refrain from excessive use of alcohol and must not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
11. The defendant must notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
12. For felony cases, the defendant must not possess a firearm, ammunition, destructive device, or any other dangerous weapon;
13. The defendant must not act or enter into any agreement with a law enforcement agency to act as an informant or source without the permission of the court;
14. As directed by the probation officer, the defendant must notify specific persons and organizations of specific risks posed by the defendant to those persons and organizations and must permit the probation officer to confirm the defendant's compliance with such requirement and to make such notifications;
15. The defendant must follow the instructions of the probation officer to implement the orders of the court, afford adequate deterrence from criminal conduct, protect the public from further crimes of the defendant; and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

**017**

USA vs.  Kais Mohammad                                  Docket No.:   SACR 21-00088-JLS-1

---

[X]  The defendant must also comply with the following special conditions (set forth below).

### STATUTORY PROVISIONS PERTAINING TO PAYMENT AND COLLECTION OF FINANCIAL SANCTIONS

The defendant must pay interest on a fine or restitution of more than $2,500, unless the court waives interest or unless the fine or restitution is paid in full before the fifteenth (15th) day after the date of the judgment under 18 U.S.C. § 3612(f)(1).  Payments may be subject to penalties for default and delinquency under 18 U.S.C. § 3612(g).  Interest and penalties pertaining to restitution, however, are not applicable for offenses completed before April 24, 1996.

If all or any portion of a fine or restitution ordered remains unpaid after the termination of supervision, the defendant must pay the balance as directed by the United States Attorney's Office. 18 U.S.C. § 3613.

The defendant must notify the United States Attorney within thirty (30) days of any change in the defendant's mailing address or residence address until all fines, restitution, costs, and special assessments are paid in full. 18 U.S.C. § 3612(b)(l)(F).

The defendant must notify the Court (through the Probation Office) and the United States Attorney of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine or restitution, as required by 18 U.S.C. § 3664(k). The Court may also accept such notification from the government or the victim, and may, on its own motion or that of a party or the victim, adjust the manner of payment of a fine or restitution under 18 U.S.C. § 3664(k). See also 18 U.S.C. § 3572(d)(3) and for probation 18 U.S.C. § 3563(a)(7).

Payments will be applied in the following order:

    1. Special assessments under 18 U.S.C. § 3013;
    2. Restitution, in this sequence (under 18 U.S.C. § 3664(i), all non-federal victims must be paid before the United States is paid):
        Non-federal victims (individual and corporate),
        Providers of compensation to non-federal victims,
        The United States as victim;
    3. Fine;
    4. Community restitution, under 18 U.S.C. § 3663(c); and
    5. Other penalties and costs.

### CONDITIONS OF PROBATION AND SUPERVISED RELEASE PERTAINING TO FINANCIAL SANCTIONS

As directed by the Probation Officer, the defendant must provide to the Probation Officer:  (1) a signed release authorizing credit report inquiries; (2) federal and state income tax returns or a signed release authorizing their disclosure and (3) an accurate financial statement, with supporting documentation as to all assets, income and expenses of the defendant.  In addition, the defendant must not apply for any loan or open any line of credit without prior approval of the Probation Officer.

When supervision begins, and at any time thereafter upon request of the Probation Officer, the defendant must produce to the Probation and Pretrial Services Office records of all bank or investments accounts to which the defendant has access, including any business or trust accounts.  Thereafter, for the term of supervision, the defendant must notify and receive approval of the Probation Office in advance of opening a new account or modifying or closing an existing one, including adding or deleting signatories; changing the account number or name, address, or other identifying information affiliated with the account; or any other modification. If the Probation Office approves the new account, modification or closing, the defendant must give the Probation Officer all related account records within 10 days of opening, modifying or closing the account. The defendant must not direct or ask anyone else to open or maintain any account on the defendant's behalf.

The defendant must not transfer, sell, give away, or otherwise convey any asset with a fair market value in excess of $500 without approval of the Probation Officer until all financial obligations imposed by the Court have been satisfied in full.

These conditions are in addition to any other conditions imposed by this judgment.

---

CR-104 (docx 10/18)                      **JUDGMENT & PROBATION/COMMITMENT ORDER**

**018**

USA vs.   Kais Mohammad                                    Docket No.:   SACR 21-00088-JLS-1

**RETURN**

I have executed the within Judgment and Commitment as follows:

Defendant delivered on _____ to _____

Defendant noted on appeal on _____

Defendant released on _____

Mandate issued on _____

Defendant's appeal determined on _____

Defendant delivered on _____ to _____

at _____

the institution designated by the Bureau of Prisons, with a certified copy of the within Judgment and Commitment.

United States Marshal

By _____

_____                    Deputy Marshal
Date

**019**

USA vs.   Kais Mohammad                                   Docket No.:   SACR 21-00088-JLS-1

### CERTIFICATE

I hereby attest and certify this date that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

Clerk, U.S. District Court

_____        By   _____
Filed Date                               Deputy Clerk

### FOR U.S. PROBATION OFFICE USE ONLY

Upon a finding of violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me.  I fully understand the conditions and have been provided a copy of them.

(Signed) _____        _____
Defendant                                         Date

_____        _____
U. S. Probation Officer/Designated Witness                Date

**020**

*Mohammad* 21cv02162

Declaration

Attachment 2

```
   ATWIJ            *ADMINISTRATIVE REMEDY GENERALIZED RETRIEVAL *        03-28-2022
 PAGE 001 OF 001                                                          14:11:38
         FUNCTION: L-P SCOPE: REG   EQ 51761-509    OUTPUT FORMAT: FULL
    -------LIMITED TO SUBMISSIONS WHICH MATCH ALL LIMITATIONS KEYED BELOW----------
 DT RCV: FROM _____ THRU _____ DT STS: FROM _____ THRU _____
 DT STS: FROM ____ TO ____ DAYS BEFORE "OR" FROM ____ TO ____ DAYS AFTER DT RDU
 DT TDU: FROM ____ TO ____ DAYS BEFORE "OR" FROM ____ TO ____ DAYS AFTER DT TRT
 STS/REAS: _____ _____ _____ _____ _____ _____ _____ _____
 SUBJECTS: _____ _____ _____ _____ _____ _____ _____ _____
 EXTENDED: _ REMEDY LEVEL: _ _       RECEIPT: _ _ _ "OR" EXTENSION: _ _ _
 RCV  OFC : EQ _____     _____     _____     _____     _____     _____
 TRACK:  DEPT: _____     _____     _____     _____     _____     _____
         PERSON: ____    ____    ____    ____    ____    ____
           TYPE: ____    ____    ____    ____    ____    ____
 EVNT FACL: EQ _____     _____     _____     _____     _____     _____
 RCV FACL.: EQ _____     _____     _____     _____     _____     _____
 RCV UN/LC: EQ _____  _____  _____  _____  _____  _____
 RCV QTR..: EQ _____  _____  _____  _____  _____  _____
 ORIG FACL: EQ _____     _____     _____     _____     _____     _____
 ORG UN/LC: EQ _____  _____  _____  _____  _____  _____
 ORIG QTR.: EQ _____  _____  _____  _____  _____  _____


   G5152      NO REMEDY DATA EXISTS FOR THIS INMATE
```

**022**

*Mohammad* 21cv02162

Declaration

Attachment 3

```
 REG NO..: 51761-509 NAME....: MOHAMMAD, KAIS
 CATEGORY: FSA        FUNCTION: PRT       FORMAT:


FCL    ASSIGNMENT DESCRIPTION                   START DATE/TIME STOP  DATE/TIME
HER    FTC ELIG   FTC-ELIGIBLE - REVIEWED       10-04-2021 1403 CURRENT
HER    N-ANGER N  NEED - ANGER/HOSTILITY NO     02-23-2022 2102 CURRENT
HER    N-ANTISO N NEED - ANTISOCIAL PEERS NO    02-23-2022 2059 CURRENT
HER    N-COGNTV N NEED - COGNITIONS NO          02-23-2022 2059 CURRENT
HER    N-DYSLEX N NEED - DYSLEXIA NO            02-14-2022 1226 CURRENT
HER    N-EDUC N   NEED - EDUCATION NO           01-16-2022 1021 CURRENT
HER    N-FIN PV N NEED - FINANCE/POVERTY NO     01-16-2022 1021 CURRENT
HER    N-FM/PAR N NEED - FAMILY/PARENTING NO    02-23-2022 2102 CURRENT
HER    N-M HLTH N NEED - MENTAL HEALTH NO       01-16-2022 1021 CURRENT
HER    N-MEDICL N NEED - MEDICAL NO             01-16-2022 1021 CURRENT
HER    N-RLF N    NEED - REC/LEISURE/FITNESS NO 01-16-2022 1021 CURRENT
HER    N-SUB AB N NEED - SUBSTANCE ABUSE NO     01-16-2022 1021 CURRENT
HER    N-TRAUMA N NEED - TRAUMA NO              01-16-2022 1021 CURRENT
HER    N-WORK N   NEED - WORK NO                01-16-2022 1021 CURRENT
HER    R-LW       LOW RISK RECIDIVISM LEVEL     10-31-2021 1030 CURRENT
HER    N-FM/PAR R NEED - FAMILY/PARENTING REFUSE 01-16-2022 1021 02-23-2022 2102
HER    N-COGNTV R NEED - COGNITIONS REFUSE      01-16-2022 1021 02-23-2022 2059
HER    N-ANTISO R NEED - ANTISOCIAL PEERS REFUSE 01-16-2022 1021 02-23-2022 2059
HER    N-ANGER R  NEED - ANGER/HOSTILITY REFUSE 01-16-2022 1021 02-23-2022 2102
HER    N-DYSLEX R NEED - DYSLEXIA REFUSE        11-04-2021 1330 02-14-2022 1226
HER    N-WORK N   NEED - WORK NO                10-31-2021 1030 01-16-2022 1021
HER    N-TRAUMA N NEED - TRAUMA NO              10-31-2021 1030 01-16-2022 1021
HER    N-SUB AB N NEED - SUBSTANCE ABUSE NO     10-31-2021 1030 01-16-2022 1021
HER    N-RLF N    NEED - REC/LEISURE/FITNESS NO 10-31-2021 1030 01-16-2022 1021
HER    N-M HLTH N NEED - MENTAL HEALTH NO       10-31-2021 1030 01-16-2022 1021
HER    N-MEDICL N NEED - MEDICAL NO             10-31-2021 1030 01-16-2022 1021
HER    N-FIN PV N NEED - FINANCE/POVERTY NO     10-31-2021 1030 01-16-2022 1021
HER    N-FM/PAR R NEED - FAMILY/PARENTING REFUSE 10-31-2021 1030 01-16-2022 1021
HER    N-EDUC N   NEED - EDUCATION NO           10-31-2021 1030 01-16-2022 1021
HER    N-COGNTV R NEED - COGNITIONS REFUSE      10-31-2021 1030 01-16-2022 1021
HER    N-ANTISO R NEED - ANTISOCIAL PEERS REFUSE 10-31-2021 1030 01-16-2022 1021
HER    N-ANGER R  NEED - ANGER/HOSTILITY REFUSE 10-31-2021 1030 01-16-2022 1021
HER    N-WORK N   NEED - WORK NO                09-14-2021 0001 10-31-2021 1030
HER    N-TRAUMA N NEED - TRAUMA NO              09-09-2021 1209 10-31-2021 1030
HER    N-RLF N    NEED - REC/LEISURE/FITNESS NO 09-30-2021 1007 10-31-2021 1030
HER    N-M HLTH N NEED - MENTAL HEALTH NO       09-25-2021 0000 10-31-2021 1030
HER    N-FIN PV N NEED - FINANCE/POVERTY NO     10-19-2021 1401 10-31-2021 1030
HER    N-FM/PAR R NEED - FAMILY/PARENTING REFUSE 09-25-2021 0000 10-31-2021 1030
HER    N-COGNTV R NEED - COGNITIONS REFUSE      09-25-2021 0000 10-31-2021 1030
HER    N-ANTISO R NEED - ANTISOCIAL PEERS REFUSE 09-25-2021 0000 10-31-2021 1030
HER    N-ANGER R  NEED - ANGER/HOSTILITY REFUSE 09-25-2021 0000 10-31-2021 1030
```

```
G0002      MORE PAGES TO FOLLOW . . .
```

```
  REG NO..: 51761-509 NAME....: MOHAMMAD, KAIS
  CATEGORY: FSA        FUNCTION: PRT        FORMAT:

  FCL    ASSIGNMENT DESCRIPTION                 START DATE/TIME STOP  DATE/TIME
  HER    N-MEDICL Y NEED - MEDICAL YES          09-30-2021 1003 10-31-2021 1030
  HER    UNREVW HIS UNREVIEWED OFFENSES         07-19-2021 0834 10-04-2021 1403
```

```
  G0000       TRANSACTION SUCCESSFULLY COMPLETED
```

**025**

*Mohammad* 21cv02162
Declaration
Attachment 4

REGNO..: 51761-509 NAME: MOHAMMAD, KAIS

```
                    RESP OF: HER
                    PHONE..: 530-827-8000    FAX: 530-827-8024
                                             RACE/SEX...: WHITE / MALE
                                             AGE:  37
   PROJ REL MT: GOOD CONDUCT TIME RELEASE    PAR ELIG DT: N/A
   PROJ REL DT: 05-20-2023                   PAR HEAR DT:
```

G0002        MORE PAGES TO FOLLOW . . .

**027**

```
REGNO..: 51761-509 NAME: MOHAMMAD, KAIS

                    RESP OF: HER
                    PHONE..: 530-827-8000    FAX: 530-827-8024
FSA ELIGIBILITY STATUS IS: ELIGIBLE

THE FOLLOWING SENTENCE DATA IS FOR THE INMATE'S CURRENT COMMITMENT.

HOME DETENTION ELIGIBILITY DATE....: 01-28-2023

FINAL STATUTORY RELEASE FOR INMATE.: 05-20-2023 VIA GCT REL
        WITH APPLIED FSA CREDITS.:   40 DAYS
THE INMATE IS PROJECTED FOR RELEASE: 04-10-2023 VIA FSA REL

---------------------CURRENT JUDGMENT/WARRANT NO: 010 -----------------------

COURT OF JURISDICTION...........: CALIFORNIA, CENTRAL DISTRICT
DOCKET NUMBER...................: SACR 20-00088-JLS-1
JUDGE...........................: STATON
DATE SENTENCED/PROBATION IMPOSED: 05-28-2021
DATE COMMITTED..................: 09-07-2021
HOW COMMITTED...................: US DISTRICT COURT COMMITMENT
PROBATION IMPOSED...............: NO


               FELONY ASSESS  MISDMNR ASSESS  FINES      COSTS
NON-COMMITTED.: $300.00       $00.00          $00.00     $00.00

RESTITUTION...: PROPERTY: NO  SERVICES: NO        AMOUNT: $00.00

------------------------CURRENT OBLIGATION NO: 010 --------------------------
OFFENSE CODE....: 548    18:1956 RACKETEERING
OFF/CHG: 18:1960(A), (B)(1)(C) OPERATING AN UNLICENSED MONEY
         TRANSMITTING BUSINESS, CT1; 18:1956(A)(3)(B) LAUNDERING
         OF MONETARY INSTRUMENTS, CT2; 31:5318(H), 5322(A) FAILURE TO
         MAINTAIN AN EFFECTIVE ANTI-MONEY LAUNDERING PROGRAM, CT3

 SENTENCE PROCEDURE.............: 3559 PLRA SENTENCE
 SENTENCE IMPOSED/TIME TO SERVE.:   24 MONTHS
 TERM OF SUPERVISION............:    2 YEARS
 DATE OF OFFENSE................: 08-28-2019
```

**028**

```
REGNO..: 51761-509 NAME: MOHAMMAD, KAIS

                    RESP OF: HER
                    PHONE..: 530-827-8000   FAX: 530-827-8024

-----------------------CURRENT COMPUTATION NO: 010 -----------------------

COMPUTATION 010 WAS LAST UPDATED ON 01-18-2022 AT DSC AUTOMATICALLY
COMPUTATION CERTIFIED ON 10-18-2021 BY DESIG/SENTENCE COMPUTATION CTR

THE FOLLOWING JUDGMENTS, WARRANTS AND OBLIGATIONS ARE INCLUDED IN
CURRENT COMPUTATION 010: 010 010

DATE COMPUTATION BEGAN..........: 09-07-2021
TOTAL TERM IN EFFECT............:    24 MONTHS
TOTAL TERM IN EFFECT CONVERTED..:     2 YEARS
EARLIEST DATE OF OFFENSE........: 08-28-2019

JAIL CREDIT.....................:   FROM DATE    THRU DATE
                                    08-17-2020   08-17-2020

TOTAL PRIOR CREDIT TIME.........: 1
TOTAL INOPERATIVE TIME..........: 0
TOTAL GCT EARNED AND PROJECTED..: 108
TOTAL GCT EARNED................: 0
STATUTORY RELEASE DATE PROJECTED: 05-20-2023
ELDERLY OFFENDER TWO THIRDS DATE: 01-05-2023
EXPIRATION FULL TERM DATE.......: 09-05-2023
TIME SERVED.....................:     6 MONTHS    23 DAYS
PERCENTAGE OF FULL TERM SERVED..: 27.9
PERCENT OF STATUTORY TERM SERVED: 32.7

PROJECTED SATISFACTION DATE.....: 04-10-2023
PROJECTED SATISFACTION METHOD...: FSA REL
    WITH FSA CREDITS INCLUDED...:   40
```

```
S0055       NO PRIOR SENTENCE DATA EXISTS FOR THIS INMATE
```

**Query**   **Reports**   **Utilities**   **Help**   **Log Out**

<span style="color:red">ALLDIV</span>,<span style="color:orange">CLOSED</span>,PASPRT

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA (Southern Division - Santa Ana)
## CRIMINAL DOCKET FOR CASE #: 8:20-cr-00088-JLS-1

Case title: USA v. Mohammad

Date Filed: 07/22/2020

Date Terminated: 05/28/2021

---

Assigned to: Judge Josephine L. Staton

**Defendant (1)**

| | |
|---|---|
| **Kais Mohammad**<br>*TERMINATED: 05/28/2021*<br>*also known as*<br>Superman29<br>*TERMINATED: 05/28/2021*<br>*also known as*<br>Herocoin<br>*TERMINATED: 05/28/2021* | represented by    **Hagop Kuyumjian**<br>The Kuyumjian Firm APC<br>515 South Flower Street Suite 1900<br>Los Angeles, CA 90071<br>213-785-3207<br>Fax: 213-236-3781<br>Email: hk@tkflaw.com<br>*ATTORNEY TO BE NOTICED*<br>*Designation: Retained*<br><br>**Michael A. Goldstein**<br>Goldstein Law Group<br>1645 Vine Street Suite 809<br>Los Angeles, CA 90028<br>323-461-2000<br>Fax: 323-446-7372<br>Email: mg@goldsteinlawgroup.com<br>*ATTORNEY TO BE NOTICED*<br>*Designation: Retained* |

| **Pending Counts** | **Disposition** |
|---|---|
| 18:1960(a),(b)(1)(C)OPERATING AN UNLICENSED MONEY TRANSMITTING BUSINESS<br>(1) | Defendant is committed to the custody of the Bureau of Prisons for 24 Months, to be served concurrently. Supervised release for 2 years, to run concurrently under the terms and conditions of US Probation and Pretrial Service and Second Amended General Order 20-04. Special assessment of 300. All fines are waived |
| 18:1956(a)(3)(B) LAUNDERING OF MONETARY INSTRUMENTS<br>(2) | Defendant is committed to the custody of the Bureau of Prisons for 24 Months, to be served concurrently. Supervised release for 2 years, to run concurrently under the terms and conditions of US Probation and Pretrial |

Service and Second Amended General Order 20-04. Special assessment of 300. All fines are waived

Defendant is committed to the custody of the Bureau of Prisons for 24 Months, to be served concurrently. Supervised release for 2 years, to run concurrently under the terms and conditions of US Probation and Pretrial Service and Second Amended General Order 20-04. Special assessment of 300. All fines are waived

31:5318(h),5322(a) FAILURE TO MAINTAIN AN EFFECTIVE ANTI-MONEY LAUNDERING PROGRAM (3)

## Highest Offense Level (Opening)

Felony

## Terminated Counts

None

## Disposition

## Highest Offense Level (Terminated)

None

## Complaints

None

## Disposition

---

## Plaintiff

**USA**

represented by **Ian Yanniello**
AUSA - Office of US Attorney
General Crimes Section
312 North Spring Street Suite 1200
Los Angeles, CA 90012
213-894-3667
Fax: 213-894-2927
Email: ian.yanniello@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: Assistant US Attorney*

**Puneet V Kakkar**
AUSA - Office of the US Attorney
Intl Narcotics Money Laundering and
Racketeering Section
312 North Spring Street 14th Floor
Los Angeles, CA 90012
213-894-5728
Fax: 213-894-0142
Email: puneet.kakkar@usdoj.gov
*TERMINATED: 01/13/2021*
*Designation: Assistant US Attorney*

| Date Filed | # | Docket Text |
|---|---|---|
| 07/22/2020 | 1 | INFORMATION filed as to Kais Mohammad (1) count(s) 1, 2, 3. Offense occurred in OC, LA, RV, SB. (ja) (Entered: 07/27/2020) |
| 07/22/2020 | 4 | CASE SUMMARY filed by AUSA Puneet V Kakkar as to Defendant Kais Mohammad; defendants Year of Birth: 1984 (ja) (Entered: 07/27/2020) |
| 07/22/2020 | 5 | MEMORANDUM filed by Plaintiff USA (See attachment) (ja) (Entered: 07/27/2020) |
| 07/22/2020 | 6 | MEMORANDUM filed by Plaintiff USA (See attachment) (ja) (Entered: 07/27/2020) |
| 07/22/2020 | 7 | PLEA AGREEMENT filed by Plaintiff USA as to Defendant Kais Mohammad (ja) (Entered: 07/27/2020) |
| 07/30/2020 | 9 | Summons Returned Executed on 7/28/2020 as to Kais Mohammad (ja) (Entered: 07/31/2020) |
| 08/14/2020 | 10 | (Attorney Hagop Kuyumjian added to party Kais Mohammad(pty:dft))(Kuyumjian, Hagop) (Entered: 08/14/2020) |
| 08/14/2020 | 11 | (Attorney Michael A Goldstein added to party Kais Mohammad(pty:dft))(Goldstein, Michael) (Entered: 08/14/2020) |
| 08/14/2020 | 12 | CONSENT to Video Conference/Telephonic Conference and WAIVER of Defendants Presence filed by Defendant Kais Mohammad. (Goldstein, Michael) (Entered: 08/14/2020) |
| 08/17/2020 | 13 | MINUTES OF INFORMATION HEARING held before Magistrate Judge Jean P. Rosenbluth as to Defendant Kais Mohammad. Attorney: Michael A Goldstein, Retained, present. Court orders bail set as: Kais Mohammad (1) $15,000 Appearance Bond, SEE ATTACHED BOND FOR TERMS AND CONDITIONS. Defendant Ordered to report to USM for processing. PIA held; see separate minutes. Waiver of Indictment executed. Court Reporter: Miriam Baird. (ja) (Entered: 08/19/2020) |
| 08/17/2020 | 14 | ADVISEMENT OF STATUTORY & CONSTITUTIONAL RIGHTS filed by Defendant Kais Mohammad. (ja) (Entered: 08/19/2020) |
| 08/17/2020 | 15 | CONSENT to Video Conference/Telephonic Conference and WAIVER of Defendants Presence filed by Defendant Kais Mohammad. (ja) (Entered: 08/19/2020) |
| 08/17/2020 | 16 | WAIVER OF INDICTMENT by Defendant Kais Mohammad before Magistrate Judge Jean P. Rosenbluth (ja) (Entered: 08/19/2020) |
| 08/17/2020 | 18 | MINUTES OF POST-INDICTMENT ARRAIGNMENT: held before Magistrate Judge Jean P. Rosenbluth as to Defendant Kais Mohammad (1) Count 1,2,3. Defendant arraigned, states true name: As charged. Attorney: Michael A. Goldstein, Retained present. Case assigned to Judge Josephine L. Staton. Counsel are ordered to contact the court clerk regarding the setting of dates for the guilty plea and all further proceedings. Court Reporter: Miriam Baird. (tba) (Entered: 08/20/2020) |
| 08/19/2020 | 17 | UNREDACTED AFFIDAVIT OF SURETIES filed by Defendant Kais Mohammad (Kuyumjian, Hagop) Modified on 8/20/2020 (jgu). (Entered: 08/19/2020) |
| 08/19/2020 | 21 | REDACTED AFFIDAVIT OF SURETIES (No Justification - Pursuant to Local Criminal Rule 46-5.2.8) in the amount of $15,000 by surety: Aqeel Mohammad RE Arrest on Indictment - Initial Appearance, 13 . Filed by Defendant Kais Mohammad. (jgu) (Entered: 08/20/2020) |
| 08/20/2020 | 19 | SCHEDULING NOTICE by Judge Josephine L. Staton as to Defendant Kais Mohammad. |

| | | |
|---|---|---|
| | | Change of Plea Hearing set for 9/24/2020 at 3:00 p.m. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (mku) TEXT ONLY ENTRY (Entered: 08/20/2020) |
| 08/20/2020 | 20 | CONSENT to Video Conference/Telephonic Conference and WAIVER of Defendants Presence filed by Defendant Kais Mohammad. (Attachments: # 1 Stipulation re Request for Findings of Fact Pursuant to CARES Act, # 2 Proposed Order)(Kuyumjian, Hagop) (Entered: 08/20/2020) |
| 08/21/2020 | 22 | CONSENT to Video Conference/Telephonic Conference and WAIVER of Defendants Presence filed by Defendant Kais Mohammad. (Kuyumjian, Hagop) (Entered: 08/21/2020) |
| 08/21/2020 | 25 | PASSPORT RECEIPT from U. S. Pretrial Services as to Defendant Kais Mohammad. USA passport was received on 8/21/2020. (ja) (Entered: 08/25/2020) |
| 08/24/2020 | 23 | ORDER by Judge Josephine L. Staton as to Defendant Kais Mohammad, re: Consent to Video/Telephonic Conference and/or Waiver of Presence (CR-29) 22 . (jp) (Entered: 08/24/2020) |
| 08/24/2020 | 24 | DECLARATION RE: PASSPORT filed by Defendant Kais Mohammad, declaring that my passport and any other travel documents are in the possession of federal authorities. If any such document is returned to me during the pendency of this case, I will immediately surrender it to the U.S. Pretrial Services Agency. I will not apply for a passport or other travel document during the pendency of this case. (Kuyumjian, Hagop) (Entered: 08/24/2020) |
| 08/25/2020 | 26 | BOND AND CONDITIONS OF RELEASE filed as to Defendant Kais Mohammad conditions of release: $15,000 Appearance Bond approved by Magistrate Judge Alka Sagar. (ja) (Entered: 09/02/2020) |
| 09/24/2020 | 27 | AMENDED SCHEDULING NOTICE by Judge Josephine L. Staton: as to Defendant Kais Mohammad: Change of Plea Hearing previously set for Thursday, September 24, 2020 at 3:00 p.m. is reset to Tuesday, September 29, 2020 at 11:00 a.m. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (mku) TEXT ONLY ENTRY (Entered: 09/24/2020) |
| 09/28/2020 | 28 | ORDER RE CRIMINAL PROCEEDINGS for cases assigned to Judge Josephine L. Staton (mku) (Entered: 09/28/2020) |
| 09/29/2020 | 29 | MINUTES OF Change of Plea Hearing held before Judge Josephine L. Staton: as to Defendant Kais Mohammad: Upon agreement of Defendant and counsel, and with the Courts permission, the hearing is held by videoconference. Defendant, counsel, the Court, and court staff all appear by videoconference. Defendant sworn and states true name. The Defendant pleads GUILTY to Three-Count Information. The plea agreement is incorporated herein by reference. The Court questions the defendant regarding plea of GUILTY and finds that a factual basis has been laid and further finds the plea is knowledgeable and voluntarily made. The Court orders the plea accepted and entered. The Court refers the defendant to the Probation Office for investigation and report. Sentencing set for January 29, 2021 at 11:30 a.m. Further, sentencing position papers are to be filed with the Court no later than three (3) weeks before the date of sentencing, including service on the assigned U.S. Probation Officer. Defendant remains on bond under same terms and conditions. Court Reporter: Deborah Parker; AUSA: Puneet Kakkar; Defense Attorney: Michael Goldstein (Rtd), Hagop Kuyumjian (Rtd); Courtroom Deputy: Melissa Kunig; Time in Court: 1:00. THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. TEXT ONLY ENTRY. (mku) (Entered: 09/29/2020) |
| 12/22/2020 | 32 | STIPULATION to Continue Sentencing Proceeding from January 29, 2021 to March 30, 2021 filed by Defendant Kais Mohammad (Attachments: # 1 Proposed Order |

| | | |
|---|---|---|
| | | [PROPOSED] ORDER RE STIPULATED REQUEST FOR CONTINUANCE) (Kuyumjian, Hagop) (Entered: 12/22/2020) |
| 12/29/2020 | 33 | ORDER Re Stipulated Request for Continuance 32 by Judge Josephine L. Staton as to Defendant Kais Mohammad. The Sentencing proceeding currently set for 1/29/2021 at 11:30 AM., shall be continued to 4/23/2021 at 11:30 AM. Sentencing position papers, including any expert disclosures and expert reports, shall be filed with the Court no later than three (3) weeks before 4/23/2021. Reply briefs to the sentencing positions shall be filed no later than two (2) weeks before 4/23/2021. (jp) (Entered: 12/29/2020) |
| 01/13/2021 | 34 | NOTICE OF APPEARANCE OR REASSIGNMENT of AUSA Ian Yanniello on behalf of Plaintiff USA. Filed by Plaintiff USA. (Attorney Ian Yanniello added to party USA(pty:pla))(Yanniello, Ian) (Entered: 01/13/2021) |
| 03/30/2021 | 35 | STIPULATION to Continue Sentencing Proceeding from April 23, 2021 to May 7, 2021 filed by Defendant Kais Mohammad (Attachments: # 1 Proposed Order [PROPOSED] ORDER RE STIPULATED REQUEST FOR CONTINUANCE)(Kuyumjian, Hagop) (Entered: 03/30/2021) |
| 04/01/2021 | 36 | ORDER RE STIPULATED REQUEST FOR CONTINUANCE by Judge Josephine L. Staton as to Defendant Kais Mohammad. The Court hereby ORDERS: 1. The sentencing proceeding currently set for April 23, 2021 at 11:30 a.m. shall be continued to Friday, May 28, 2021 at 8:30 a.m. 2. Sentencing position papers, including any expert disclosures and expert reports, shall be filed with the Court no later than May 7, 2021. 3. Reply briefs to the sentencing positions shall be filed no later May 14, 2021. (lom) (Entered: 04/02/2021) |
| 04/19/2021 | 37 | SCHEDULING NOTICE by Judge Josephine L. Staton as to Defendant Kais Mohammad: The Sentencing previously scheduled for 5/28/21 at 8:30 a.m. is RESET to 9:00 a.m. *TIME CHANGE ONLY.* THERE IS NO PDF DOCUMENT ASSOCIATED WITH THIS ENTRY. (mku) TEXT ONLY ENTRY (Entered: 04/19/2021) |
| 05/07/2021 | 38 | SENTENCING MEMORANDUM filed by Defendant Kais Mohammad (Attachments: # 1 Exhibit B, # 2 Exhibit C)(Goldstein, Michael) (Entered: 05/07/2021) |
| 05/07/2021 | 39 | NOTICE of Manual Filing of Defendant's Ex Parte Application for Order Sealing Document; Declaration of Michael A. Goldstein; (2) [Proposed] Order re Defendant's Ex Parte Application for Order Sealing Document; (3) Exhibit A to Sentencing Position, the report of Nadim N. Karim, Ph.D.; (4) Exhibit B-1 to Sentencing Position, letter from Lubna Mohammad; and (5) Exhibit D to Sentencing Position, letter from Syeda Mahmuda Kabir, M.D. regarding Lubna Mohammad filed by Defendant Kais Mohammad (Goldstein, Michael) (Entered: 05/07/2021) |
| 05/08/2021 | 40 | SENTENCING MEMORANDUM filed by Plaintiff USA as to Defendant Kais Mohammad (Yanniello, Ian) (Entered: 05/08/2021) |
| 05/12/2021 | 41 | PROOF OF SERVICE of (1) DEFENDANTS EX PARTE APPLICATION FOR ORDER SEALING DOCUMENT; DECLARATION OF MICHAEL A. GOLDSTEIN; (2) ORDER RE EX PARTE APPLICATION FOR ORDER SEALING DOCUMENT; (3) SEALED EXHIBIT A REPORT OF NADIM N. KARIM, PH.D; (4) SEALED EXHIBIT B-1 LETTER FROM LUBNA MOHAMMAD; and (5) SEALED EXHIBIT D LETTER FROM SYEDA MAHMUDA KABIR, M.D., served on May 12, 2021, by Defendant Kais Mohammad (Kuyumjian, Hagop) (Entered: 05/12/2021) |
| 05/12/2021 | 42 | SEALED - DEFENDANT'S EX PARTE APPLICATION FOR ORDER SEALING DOCUMENT; DECLARATION OF MICHAEL A. GOLDSTEIN (bm) (Entered: 05/12/2021) |
| 05/12/2021 | 43 | SEALED - ORDER RE EX PARTE APPLICATION FOR ORDER SEALING |

**034**

| | | DOCUMENT (bm) (Entered: 05/12/2021) |
|---|---|---|
| 05/12/2021 | 44 | SEALED - SEALED EXHIBIT A - REPORT OF NADIM N. KARIM, PH.D (bm) (Entered: 05/12/2021) |
| 05/12/2021 | 45 | SEALED - SEALED EXHIBIT B-1 LETTER FROM LUBNA MOHAMMAD (bm) (Entered: 05/12/2021) |
| 05/12/2021 | 46 | SEALED - EXHIBIT D - LETTER FROM SYEDA MAHMUDA KABIR, M.D. (bm) (Entered: 05/12/2021) |
| 05/14/2021 | 47 | REPLY to Sentencing Memorandum 40 , filedby Defendant Kais Mohammad (Goldstein, Michael) (Entered: 05/14/2021) |
| 05/28/2021 | 49 | MINUTES OF SENTENCING Hearing held before Judge Josephine L. Staton as to Defendant Kais Mohammad (1), Count(s) 1, 2, 3, Defendant is committed to the custody of the Bureau of Prisons for 46 Months, to be served concurrently. Supervised release for 2 years, to run concurrently under the terms and conditions of US Probation and Pretrial Service and Second Amended General Order 20-04. Special assessment of $300. All fines are waived. Bond exonerated upon surrender. Defendant advised of right of appeal. Defendant to surrender not later than 9/7/2021. See separate Judgment and Commitment Order. Court Reporter: Deborah Parker. (jp) (Entered: 05/28/2021) |
| 05/28/2021 | 50 | JUDGMENT AND COMMITMENT by Judge Josephine L. Staton as to Defendant Kais Mohammad (1), Count(s) 1, 2, 3, Defendant is committed to the custody of the Bureau of Prisons for 46 Months, to be served concurrently. Supervised release for 2 years, to run concurrently under the terms and conditions of US Probation and Pretrial Service and Second Amended General Order 20-04. Special assessment of $300. All fines are waived. Bond exonerated upon surrender. Defendant advised of right of appeal. Defendant to surrender not later than 9/7/2021. (jp) (Entered: 05/28/2021) |
| 05/28/2021 | 52 | AMENDED JUDGMENT AND COMMITMENT by Judge Josephine L. Staton as to Defendant Kais Mohammad (1), Count(s) 1, 2, 3, Defendant is committed to the custody of the Bureau of Prisons for 24 Months, to be served concurrently. Supervised release for 2 years, to run concurrently under the terms and conditions of US Probation and Pretrial Service and Second Amended General Order 20-04. Special assessment of $300. All fines are waived. Bond exonerated upon surrender. Defendant advised of right of appeal. Defendant to surrender not later than 9/7/2021. (jp) (Entered: 06/01/2021) |
| 09/02/2021 | 53 | EX PARTE APPLICATION for Order for TO EXTEND SURRENDER DATE Filed by Defendant Kais Mohammad. (Attachments: # 1 Proposed Order RE EX PARTE APPLICATION TO EXTEND SURRENDER DATE) (Kuyumjian, Hagop) (Entered: 09/02/2021) |
| 09/03/2021 | 54 | DENIED BY ORDER of Judge Josephine L. Staton as to Defendant Kais Mohammad, re Defendant's Ex Parte Application to Extend Surrender Date 53 . Defendant's papers offer no reason for the requested extension. (gk) (Entered: 09/07/2021) |
| 03/02/2022 | 55 | VERIFICATION OF SURRENDER as to Kais Mohammad. The defendant was ordered to self-surrender to begin serving their sentence of imprisonment on 09/07/2021. The bond may be exonerated pending the verification as to whether the defendant is being electronically monitored by the U.S. Probation Office; confined to the custody of the Bureau of Prisons; or completed their jail time. As of 3/2/2022, it was verified the defendant has surrendered to the Bureau of Prisons. Located at: Herlong FCI. (jp) (Entered: 03/02/2022) |
| 04/21/2022 | 57 | PROBATION FORM 12 as to Defendant Kais Mohammad, ORDER OF THE COURT by Judge Josephine L. Staton. (jp) (Entered: 04/22/2022) |

**035**

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 05/26/2022 08:50:54 | | | |
| **PACER Login:** | mrodriguez | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 8:20-cr-00088-JLS End date: 5/26/2022 |
| **Billable Pages:** | 7 | **Cost:** | 0.70 |