UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAIS MOHAMMAD,<br><br>          Petitioner,<br><br>   v.<br><br>PAUL THOMPSON, et al.,<br><br>          Respondents. | No.  2:21-cv-02162-TLN-CKD P<br><br><br><br>FINDINGS AND RECOMMENDATIONS |

     Petitioner, a federal prisoner proceeding pro se, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1]  On March 16, 2022, the court ordered respondent to file an answer to the petition or a motion to dismiss within 60 days.  ECF No. 6.  Respondent filed an untimely motion to dismiss on May 26, 2022 along with a notice explaining that the untimely filing was due to "a calendaring error."[1]  ECF Nos. 8, 9.  Petitioner has not filed an opposition and the time to do so has expired.  For the reasons explained below, the undersigned recommends

---

[1] The court notes that counsel for respondent did not seek an extension of time *nunc pro tunc* as soon as the error was identified.  See Local Rule 144(d).  Instead counsel filed a cavalier notice informing the court that the motion to dismiss was untimely filed because a legal assistant contracted Covid-19 at some unspecified point "in the last six weeks."  ECF No. 8.  Noticeably absent from the notice is any affidavit from counsel identifying when the error was caught and how long counsel took to file the motion thereafter.  The court is aware that this is not the only case in which counsel has missed filing deadlines.  If this conduct persists, the court will not hesitate to impose sanctions on counsel pursuant to Local Rule 110 for failing to comply with a court order.

1

granting respondent's motion to dismiss based on petitioner's failure to exhaust his administrative remedies.

## I.   Factual and Procedural History

A review of the docket from the Southern District of California, which this court takes judicial notice of, indicates that on September 29, 2020, petitioner entered a guilty plea to operating an unlicensed money transmitting business, money laundering, and failing to maintain an effective anti-money laundering program.[2] See ECF No. 9-1 at 31-37 (docket sheet for United States of America v. Mohammad, Case No. 8:20-cr-00088-JLS-1, (S.D. Cal.)).  On May 28, 2021, petitioner was sentenced to 24 months of incarceration followed by a term of supervised release.  See ECF No. 9-1 at 15-21 (Judgment and Probation/Commitment Order).  Petitioner self-surrendered to the Bureau of Prisons to serve his sentence on September 7, 2021.  ECF No. 9-1 at 16.

Petitioner, who is presently confined at FCI-Herlong in this judicial district, filed a habeas corpus petition on November 12, 2021.[3] ECF No. 1.  In this habeas application, petitioner seeks a declaratory judgment that he is entitled to earned time credits ("ETCs") pursuant to the First Step Act of 2018 ("FSA").  ECF No. 1 at 1.  Specifically, petitioner calculates that he is entitled to an additional 180 days of earned time credits resulting in an early release date of November 20, 2022.  ECF No. 1 at 1, 7.  Absent these earned time credits, petitioner's projected release date according to BOP records is May 20, 2023.  ECF No. 1 at 8.  Petitioner asks the court "to calculate the earned credit days (provided by petitioner) and to release him from custody…."  ECF No. 1 at 5.

Respondent moves to dismiss the petition based on lack of jurisdiction to compel the Bureau of Prisons ("BOP") to perform a discretionary act.  ECF No. 9.  Furthermore, petitioner has failed to exhaust his administrative remedies within the BOP.  Respondent also contends that

---

[2] "[C]ourts routinely take judicial notice of documents filed in other courts... to establish the fact of such litigation and related filings." Kramer v. Time Warner Inc., 937 F.2d 767, 774 (2d Cir. 1991) (citation omitted).

[3] The filing date was calculated using the prison mailbox rule.  Houston v. Lack, 487 U.S. 266 (1988).

2

the petition should be dismissed because there is no ripe case or controversy to adjudicate absent an administrative factual record. With respect to the facts presented in the petition, respondent submits that the BOP has already calculated petitioner's earned time credits and advanced his release date to April 10, 2023. ECF No. 9 at 3; ECF No. 9-1 at 12 (Affidavit of Chris Liwag, Senior Correctional Programs Specialist at the BOP's Western Regional Office).

## I.     Legal Standards

### A. Section 2241 Relief

Federal inmates have two avenues for pursuing habeas corpus relief. First, a challenge to a federal prisoner's conviction or sentence can be raised via a motion to vacate, set aside, or correct the sentence pursuant to 28 U.S.C. § 2255. Section 2255 motions are filed in the judicial district where the conviction occurred. Alternatively, a federal inmate challenging the manner, location, or conditions involved in the execution of their sentence, may file a habeas corpus petition pursuant to 28 U.S.C. § 2241. Hernandez v. Campbell, 204 F.3d 861, 864 (9th Cir. 2000) (per curiam). Jurisdiction over a § 2241 petition lies in the district of the prisoner's confinement. Hernandez, 204 F.3d at 864. Petitioner's challenge to the computation of his sentence by the BOP is properly raised in a § 2241 petition since it challenges the manner in which his sentence is being executed. See Zavala v. Ives, 785 F.3d 367, 370 n.3 (9th Cir. 2015).

### B. First Step Act

The First Step Act of 2018 ("FSA") made several important changes to the duration of federal prison sentences. See Pub. L. No. 115-391, 132 Stat. 5194. As relevant to the pending habeas petition, it created an evidence-based recidivism reduction ("EBRR") program that incentivizes inmates to participate in and complete programs and productive activities ("PAs") by awarding them, inter alia, "10 days of time credits…" and "an additional 5 days of time credits for every 30 days of successful participation" if the prisoner is classified as a minimum or low risk of recidivism. 18 U.S.C. § 3632(d)(4). In order to apply these earned time credits, the BOP was first required to develop a risk and needs assessment system within 210 days after enactment of the FSA. 18 U.S.C. § 3632(a). By January 15, 2020, the BOP was required to conduct an initial intake risk and needs assessment for each prisoner and "begin to assign prisoners to

appropriate evidence-based recidivism reduction programs based on that determination." 18 U.S.C. 3621(h). The FSA also created a phase-in period of up to 2 years following the initial risk and needs assessment for the BOP to "provide such evidence-based recidivism reduction programs and productive activities for all prisoners." 18 U.S.C. § 3621(h)(2). "During the 2-year period…, the priority for such programs and activities shall be accorded based on a prisoner's proximity to release date." 18 U.S.C. § 3621(h)(3). Thus, by January 15, 2022, the BOP was required to provide the necessary recidivism reduction programs and productive activities for all prisoners to earn additional time credits to reduce their sentences under the FSA if they meet the other relevant criteria. The BOP implemented its final agency rules regarding the earning and awarding of ETC's under the First Step Act on January 19, 2022. See 87 Fed. Reg. 2,705-01, 2022 WL 159155 (F.R.) (codified at 28 C.F.R. §§ 523.40-523.44) (explaining that "[t]he final rule adopts a more straightforward and more administratively manageable approach that is consistent with the FSA's goal…" by awarding ten days of FSA time credits "[f]or every thirty-day period that an eligible inmate successfully participates in EBRR Programs or PAs….").

### C. Administrative Exhaustion

The Bureau of Prisons has adopted an administrative review process for inmate grievances that "seek formal review of an issue relating to any aspect of his/her own confinement." See 28 C.F.R. § 542.10(a). This inmate grievance procedure involves three levels of review starting with the institution where the grievance occurred. See 28 C.F.R. § 542.13. If the inmate is dissatisfied with the first level of review, he or she may then appeal to the Regional Director and then to the General Counsel of the BOP. See 28 C.F.R. § 542.15. The decision by the General Counsel constitutes the final administrative decision by the BOP. Id. The specific procedures to be followed at each level of review as well as the timeframe in which the agency is required to respond to the grievances has been established by regulations. See 28 C.F.R. § 542.10 *et seq*.

## II. Analysis

Against this statutory backdrop, the court turns to the specific issues raised in respondent's motion to dismiss. In this case, respondent has submitted uncontradicted evidence that petitioner has not filed a single inmate grievance pertaining to the calculation of his earned

time credits.  See ECF No. 9-1 at 4, 23.  Without such an administrative record detailing how earned time credits were applied to petitioner's sentence, this court has no way of knowing which computation is correct.  Even though Section 2241 does not contain an explicit exhaustion requirement, federal inmates are still required to exhaust their administrative remedies before seeking habeas relief.  See Martinez v. Roberts, 804 F.2d 570, 571 (9th Cir. 1986) (per curiam). Courts have engrafted this administrative exhaustion requirement into § 2241 in order:  1) to develop a factual record that is capable of being reviewed; 2) to conserve judicial resources if relief is granted at the administrative level; and, 3) to provide the administrative agency with the first opportunity to correct its errors.  See Ruviwat v. Smith, 701 F.2d 844, 845 (9th Cir. 1983) (per curiam).  The court finds that these concerns are particularly relevant to the calculation of petitioner's earned time credits pursuant to the First Step Act.  The BOP should be given the first opportunity to address petitioner's argument that he is entitled to a total of 180 days of earned time credits.  Thus, the court will not excuse petitioner's failure to exhaust his administrative remedies.[4]  After having reviewed the record in this case, it is clear that petitioner has not properly exhausted his administrative remedies concerning the application of earned time credits to his sentence.  Thus, the undersigned recommends granting respondent's motion to dismiss based on petitioner's failure to exhaust his administrative remedies.[5]  Chua Han Mow v. United States, 730 F.2d 1308, 1313 (9th Cir. 1984) (emphasizing that a federal inmate is required to exhaust the BOP's administrative procedures before seeking habeas relief in order to preserve an adequate record for judicial review)).

    **IV.**    **Plain Language Summary for Pro Se Party**

The following information is meant to explain this order in plain English and is not intended as legal advice.

After reviewing your habeas petition and the motion to dismiss, the undersigned

---

[4] In Section 2241 cases, dismissal for failure to exhaust administrative remedies is not required, but is a matter left to the court's discretion if exhaustion would be futile.  See Ward v. Chavez, 678 F.3d 1042, 1045 (9th Cir. 2012).  The court declines to exercise its discretion to waive the exhaustion requirement in petitioner's case.

[5] In light of this recommendation and in the interests of judicial economy, the undersigned finds it unnecessary to address the remaining grounds raised in respondent's motion to dismiss.

5

recommends granting respondent's motion to dismiss because you did not exhaust your administrative remedies within the BOP.  As a result, there is not a sufficient factual record by the agency charged with implementing the First Step Act for the court to determine whether you are entitled to an earlier release date.

If you disagree with this recommendation, you have 14 days to explain why it is not the correct result.  Label your explanation "Objections to Magistrate Judge's Findings and Recommendations."  The district court judge assigned to your case will review the matter and issue a final decision.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 9) be granted based on petitioner's failure to exhaust his administrative remedies.
2. Petitioner's application for a writ of habeas corpus (ECF No. 1) be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be served and filed within fourteen days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  September 27, 2022

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/moha2161.F&R.2241.docx